634 So.2d 1110 (1994)
John GINGOLA, Appellant,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Teresa Lawlor, Appellees.
No. 93-00800.
District Court of Appeal of Florida, Second District.
April 6, 1994.
B. Edwin Johnson, Clearwater, for appellant.
Charles L. Carlton, Lakeland, for appellee Dept. of Health & Rehabilitative Services.
*1111 FULMER, Judge.
In a paternity proceeding brought by the Florida Department of Health and Rehabilitative Services and Teresa Lawlor, John Gingola appeals the final judgment which adjudicated him to be the father of Ms. Lawlor's child. We reverse and remand for further proceedings.
Gingola challenges a hearing officer's ruling admitting HLA test results into evidence. We find no error with this ruling. However, we note that at the time of the child's conception in 1979, Ms. Lawlor was married to another man whose name appears on the birth certificate. Therefore, this child is presumed to be legitimate. In Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305, 307 (Fla. 1993), the Florida Supreme Court observed that cases such as this are actually "about impugning the legitimacy of a child for the sake of money allegedly owed to the State of Florida." The court held that, in cases of this type, prior to ordering a blood test the trial court is required to hear argument from parties, including the legal father if he wishes to appear and a guardian ad litem appointed to represent the child: "(a) to determine that the complaint is apparently accurate factually, is brought in good faith, and is likely to be supported by reliable evidence, and (b) to find that the child's best interests will be better served even if the blood test later proves the child's factual illegitimacy." Id. at 308. The court further found that even if a test establishes that someone other than the child's legal father is the biological father, "this fact without more does not constitute grounds to grant a paternity petition." Id. at 309. Rather, it must be determined "whether the child's best interests will be served by being declared illegitimate and having parental rights transferred to the biological father." Id. at 309. The party seeking to establish paternity bears the burden of proof by clear and convincing evidence. From our review of the record, it appears that no such determination was made.
We recognize that neither the hearing officer nor the trial judge had the benefit of the supreme court's ruling at the time this case proceeded to final judgment. Upon remand, the trial court should appoint a guardian ad litem and conduct further proceedings as required by Privette.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.